# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RAYMOND HEALEY, | Case No. 3:19-cv-00059-MMD-CBC |
| Petitioner, | ORDER |
| v. | |
| RENEE BAKER, | |
| Respondents. | |

On February 4, 2019, this Court denied Petitioner's motion to proceed *in forma pauperis* and directed him to pay the filing fee in order to proceed with his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 3.) He has complied with that order and paid the required fee. (ECF No. 4.)

With his petition, Petitioner seeks to set aside Nevada convictions on two counts of sexual assault with a minor under 14 years of age entered in 2006. The Court notes that Petitioner brought a previous action under 28 U.S.C. § 2254 (3:12-cv-00634-MMD-WGC) that culminated in a denial on the merits. In that proceeding, the Ninth Circuit Court of Appeals denied a certificate of appealability with respect to the Court's final order dismissing the petition. *Healey v. LeGrand*, No. 16-16823, 2016 WL 9782131 (9th Cir. Dec. 12, 2016).

If a petitioner has previously filed an application for habeas relief under section 2254 which has been denied on the merits, the Court cannot grant relief with respect to a claim that was presented in the prior application. 28 U.S.C. § 2244(b)(1). In addition,

the Court cannot grant relief with respect to a claim that was not presented in the prior application unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). Moreover, § 2244(b)(3) requires a petitioner to obtain leave from the appropriate court of appeals before filing a second or successive petition in the district court.

Petitioner has failed to secure an order from the court of appeals authorizing this action as required by § 2244(b)(3). Therefore, this Court is without jurisdiction to consider the habeas petition filed herein. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007).

If Petitioner seeks to appeal this decision, he must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability); *Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005) (per curiam) (holding that a certificate of appealability is required when the district court dismisses a motion on the ground that it is an unauthorized, successive collateral attack). A certificate of appealability may issue only if a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In addition, when a § 2254 petition is denied on procedural grounds, a certificate of appealability should issue only when the petitioner shows that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

///

///

2

Petitioner has not made a substantial showing that a reasonable jurist would find it debatable whether this Court is correct in dismissing his petition on procedural grounds. Therefore, the Court denies a certificate of appealability.

It is therefore ordered that the Clerk file the petition for writ of habeas corpus and supporting memorandum (ECF Nos. 1-1, 1-2). The petition is dismissed for lack of jurisdiction. The Clerk is directed to enter judgment accordingly.

It is further ordered that the Clerk file Petitioner's motion for appointment of counsel (ECF No. 1-3). The motion is denied as moot.

It is further ordered that a certificate of appealability is denied.

DATED THIS 20th day of February 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE